IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **ALLAN LATOI STORY #1904264** | § | |
| | § | |
| **V.** | § | **W-15-CA-370-RP** |
| | § | |
| | § | |
| **JUDGE RALPH STROTHER,** | § | |
| **DISTRICT ATTORNEY ABEL REYNA,** | § | |
| **ASSISTANT DISTRICT ATTORNEY** | § | |
| **JOHN VICHA, DETECTIVE** | § | |
| **STEVE JANUARY, ATTORNEY** | § | |
| **SAM MARTINEZ, and SHERIFF** | § | |
| **PARNELL McNAMARA** | § | |

## ORDER

Before the Court are Plaintiff's amended complaint and more definite statement. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Beto Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff asserts he was arrested September 23, 2011, in Waco, Texas for murder. Plaintiff contends the defendants aided each other in allowing an unconstitutional impaneling of a grand jury to indict him. Plaintiff also complains the grand jury was presented with unsupported facts and statements by witnesses, and Plaintiff was not given a chance to confront the grand jury. Plaintiff contends the prosecutors were motivated by malice and gave false misleading testimony and information to the grand jury. Plaintiff maintains his indictment and conviction are fraudulent and obtained without

1

due course of law.  Plaintiff alleges his trial attorneys aided the state's prosecutors to maliciously prosecute him by withholding evidence and disclosing of early state court proceedings.  Plaintiff also alleges Detective January failed to fully investigate his case and arrested him without a warrant and failed to take him before a magistrate judge for a probable cause determination hearing.  Plaintiff further alleges Detective January coerced witnesses, used false information, and tampered with evidence, causing Plaintiff's illegal confinement.

Plaintiff sues Judge Ralph Strother, District Attorney Abel Reyna, Assistant District Attorney John Vicha, Detective Steve January, Attorney Sam Martinez, and Sheriff Parnell McNamara.  He seeks a "stay to Plaintiff's current conviction of confinement and transfer to the federal official authority while a full scale investigation into the criminal record of the convicting courts, county, and district court records, to confirm the record is complete and free of neglect, and when proven true, order injunctive relief, release from custody and order punitive damages in excess of five million dollars."

After reviewing Plaintiff's original complaint, which is substantially similar to his amended complaint, Plaintiff was ordered to file a more definite statement specifying what acts each of the defendants did to violate his constitutional rights.  In his more definite statement, Plaintiff alleges he was taken before Judge Strother on September 25 or 26, 2011, and the judge set his bond at $5,000,000.  Plaintiff complains he was denied an examining trial but admits he was indicted by a grand jury on December 9, 2011.  Plaintiff alleges Judge Strother denied his speedy trial motion on January 28, 2013, and denied his bond reduction motion on September 27, 2013.  At trial, Plaintiff alleges Judge Strother allowed a witness to testify, who did not testify before the grand jury, granted the State's motion in limine, allowed the state to amend the indictment, refused to allow Plaintiff's

interrogation tape into evidence, denied Plaintiff a self-defense instruction, and instructed the court reporter to change the transcript to reflect a stronger case for the prosecution and delete testimony favorable to the defendant.  Plaintiff contends Judge Strother pursued Plaintiff's conviction in bad faith.

With regard to District Attorney Abel Reyna and Assistant District Attorney John Vicha, Plaintiff similarly alleges he was denied an examining trial or probable cause hearing.  Plaintiff believes false and misleading evidence was presented to the grand jury.  Plaintiff complains Reyna called an unreliable witness as the State's primary witness and introduced perjured testimony at trial. Plaintiff also alleges the State tampered with the evidence and charged him with an additional "bogus charge" of failing to register as a sex offender to get Plaintiff to "plea out."

With regard to Plaintiff's criminal defense attorney Sam Martinez, Plaintiff alleges Martinez was appointed to represent him on February 22, 2013, after attorney Thomas West was allowed to withdraw.  According to Plaintiff, Martinez got the failure to register case dismissed but failed to investigate the murder case.  In addition, Plaintiff complains Martinez admitted into evidence an audiotape of Plaintiff in the back of a patrol car, failed to object to the State amending the indictment, and lied to Plaintiff about many things.  Plaintiff believes Martinez conspired with the State and failed to properly defend him.

Plaintiff alleges Detective Steve January pursued Plaintiff's conviction in bad faith.  Plaintiff further alleges all the evidence in Plaintiff's favor was tampered with or secreted.  Plaintiff claims he was framed for murder.  Plaintiff contends January coerced State's witness Joyce Akers to testify against Plaintiff.

DISCUSSION AND ANALYSIS

A.      Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e)

if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief

may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal

for frivolousness or maliciousness may occur at any time, before or after service of process and

before or after the defendant's answer.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as

liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972).  However, the petitioner's pro se status

does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog

the judicial machinery with meritless litigation and abuse already overloaded court dockets."

*Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.      Judicial Immunity

Judge Strother is entitled to absolute immunity for any acts performed as a judge.  It is well

settled law that a judge enjoys absolute immunity from liability for damages for judicial acts

performed within his jurisdiction.  *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986).  The doctrine

of absolute judicial immunity protects judges not only from liability, but also from suit.  *Mireless

v. Waco*, 502 U.S. 9, 11 (1991).  Motive of the judicial officer is irrelevant when considering

absolute immunity.  *See Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is

absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however

erroneous the act and however evil the motive.").

4

Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11-12. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (quoting *Mireless*, 502 U.S. at 12). In the case at bar, Plaintiff does not complain of any actions taken by Judge Strother that were nonjudicial in nature nor does he show that he was acting in the clear absence of all jurisdiction. Accordingly, Judge Strother is protected by absolute immunity.

C.    Prosecutorial Immunity

District Attorney Abel Reyna and Assistant District Attorney John Vicha are also protected by absolute immunity. Prosecutors are absolutely immune from liability under the federal civil rights statutes with regard to actions taken by them within the course and scope of representing the governmental agencies and subdivisions in judicial proceedings. Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Burns v. Reed*, 500 U.S. 478, 487-92 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 427-31 (1976). "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity." *Boyd v. Biggers,* 31 F.3d 279, 285 (5th Cir. 1994) (quoting *Buckley v. Fitzsimmons* 509 U.S. at 273). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. *Boyd*, 31 F.3d at 285;

*Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993). Thus, a prosecutor is immune from civil rights liability for actions taken in connection with a judicial proceeding, even if taken maliciously. *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991), *cert. denied*, 504 U.S. 965 (1992); *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987).

The Court recognizes that not all prosecutorial functions are protected. In *Imbler*, the Court declared that absolute immunity applied to a prosecutor's actions in "initiating a prosecution and in presenting the State's case." *Imbler*, 424 U.S. at 431. This immunity protected the alleged knowing use of false testimony at trial and the alleged deliberate suppression of exculpatory evidence. In *Imbler*, the Court left open the issue of whether absolute immunity applied to administrative or investigative acts. However, in *Burns*, the Court answered that question, stating that absolute immunity does not apply to investigative or administrative acts performed by prosecutors. *Burns*, 500 U.S. at 493.

In the case at hand, Plaintiff challenges actions taken by the prosecuting attorneys during Plaintiff's criminal proceedings which are clearly protected by prosecutorial immunity. In this action Plaintiff does not allege any actions taken by the defendants that were outside the course and scope of representing the District Attorney's Office in Plaintiff's criminal proceedings. Therefore, Defendants Reyna and Vicha are protected by absolute immunity.

D.   State Actor

With respect to Plaintiff's claims brought against his attorney, Sam Martinez, his claim fails. The provisions of 42 U.S.C. § 1983 state that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. A civil rights plaintiff must show an abuse of government power that rises to a constitutional level in order to state a

cognizable claim. *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986); *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir. 1980), *cert. denied*, 451 U.S. 1019 (1981). Section 1983 suits may be instituted to sue a state employee, or state entity, using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. *Monroe v. Pape*, 365 U.S. 167, 184 (1961); *accord*, *Brown v. Miller*, 631 F.2d 408, 410-11 (5th Cir. 1980). A private person may be amenable to suit only when the person is a willful participant in joint action with the State or its agents. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

An action which is essentially a tort claim for malpractice against appointed counsel cannot be brought under §1983. *See O'Brien v. Colbath*, 465 F.2d 358, 359 (5th Cir. 1972); *Shapley v. Green*, 465 F.2d 874 (5th Cir. 1972). Likewise, no claim under § 1983 can be brought against retained counsel because retained counsel does not act under color of state law. *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985), *cert. denied*, 479 U.S. 826 (1986). Plaintiff's allegations that Martinez conspired with State officials are insufficient to show Martinez was acting as a state actor.

E.    *Heck* Bar

Insofar as Plaintiff is seeking monetary damages against the defendants, Plaintiff's claims must also be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of *Heck* to state prisoner § 1983 lawsuits in *Boyd v. Biggers,* 31 F.3d 279 (5th Cir. 1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

7

invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Plaintiff's recitation of the procedural history in this case indicates just the opposite. Accordingly, Plaintiff's claims for monetary damages regarding his alleged illegal confinement are barred by *Heck*.

      F.    <u>Habeas Claims</u>

To the extent Plaintiff seeks injunctive relief and release from custody, he must seek such relief in an application for habeas corpus relief after he has exhausted his state court remedies. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490, (1973). The Court declines to construe this action as a request for habeas corpus relief. If Plaintiff did not intend for this action to be an application for habeas corpus relief pursuant to 28 U.S.C. § 2254, any subsequently filed applications could be subject to the restrictions on "second or successive" motions. *See e.g. Castro v. United States*, 540 U.S. 375 (2003). Additionally, Plaintiff makes no allegations suggesting he has exhausted his state court remedies.

CONCLUSION

Judge Strother is protected by judicial immunity, District Attorney Abel Reyna and Assistant District Attorney John Vicha are protected by prosecutorial immunity, Attorney Sam Martinez is not a state actor, and Plaintiff's claims seeking monetary relief are barred by *Heck*. Accordingly, Plaintiff's claims seeking monetary relief are frivolous. Plaintiff's claims seeking habeas corpus relief are dismissed without prejudice to filing an application for habeas corpus relief.

It is therefore **ORDERED** that Plaintiff's claims seeking monetary relief are dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).  Plaintiff's claims seeking habeas corpus relief are dismissed without prejudice to filing an application for habeas corpus relief.

It is further **ORDERED** that Plaintiff is warned that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further **ORDERED** that Plaintiff is warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further **ORDERED** that Plaintiff is warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state

a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

It is finally **ORDERED** that the Clerk shall e-mail a copy of this order and the final judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

**SIGNED** on May 17, 2016.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

10